**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 26-11072
Non-Argument Calendar

————————————————

MICHEL ROJAS PRIETO,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A240-615-293

————————————————

Before BRANCH, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Michel Rojas Prieto, a native and citizen of Cuba proceeding pro se, petitions us for review of the Board of Immigration Appeals's ("BIA") March 9, 2026, order affirming the immigration

judge's ("IJ") order granting the Department of Homeland Security's ("DHS") motion under 8 C.F.R. § 1239.2(c) to dismiss removal proceedings against Prieto.  The government moves to dismiss the petition for lack of jurisdiction.

In immigration cases, we generally have jurisdiction only to review final orders of removal.  *See* 8 U.S.C. § 1252(a)(1); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005).  After commencement of removal proceedings, DHS may move the IJ to dismiss the proceedings under any ground enumerated in 8 C.F.R. § 239.2(a).  8 C.F.R. §§ 239.2(a), 239.2(c), 1239.2(c).

We lack jurisdiction over Prieto's petition because he has not brought to us a final order of removal to invoke our review.  8 U.S.C. § 1252(a)(1); *Jaggernauth*, 432 F.3d at 1350.  The BIA order affirmed the IJ's dismissal of removal proceedings, so that order is not a final order of removal.  Nothing in the available record shows that the government has obtained a final order of removal against Prieto, and neither party suggests there is such an order.

Accordingly, we GRANT the government's motion and DISMISS the petition for lack of jurisdiction.  Prieto's motion for stay of removal is DENIED as moot.